UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ANGELA LARDNER, individually,

Plaintiff,

v.

NATIONWIDE RECOVERY SERVICE, INC. a foreign corporation,

**JURY DEMAND**

Defendant.
______________________________________/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. Plaintiff ANGELA LARDNER alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.* ("FCCPA") against Defendant NATIONWIDE RECOVERY SERVICE, INC. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff ANGELA LARDNER is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida. Said Plaintiff is the cellular subscriber and has dominion over the cellular telephone that Defendant was calling.

6. Defendant NATIONWIDE RECOVERY SERVICE, INC. ("Nationwide") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 5655 Peachtree Parkway, Suite 211, Norcross, GA 30092; Plaintiff further alleges that Nationwide is a citizen of both the State of Georgia and the State of Tennessee.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In November 2012, the Plaintiff was visited Kendall Regional Medical Center for personal health-related reasons.

10. Following this visit, the Plaintiff began receiving automated telephone calls on her cellular telephone from Defendant Nationwide, seeking payment of a $100.00 balance allegedly owed to Sheridan Emergency Physician Services in connection with her visit.

11. Upon answering any of these calls, the Plaintiff was always greeted by an automated, machine-operated voice that spoke as follows:

> This is a message for Angela Lardner, if you are not Angela Lardner please return our call to 800-822-8383 to remove your number and please hang up or disconnect. You should not listen to the rest of this message. If you are Angela Lardner, please

> continue to listen to this message. There will now be a 3 second pause in this message. By continuing to listen to this message, you acknowledge you are Angela Lardner you should not listen to this message so other people can hear it, as it contains personal and private information. There will now be a 3 second pause in this message to allow you to listen to it in private. This is a call from Nationwide Recovery Service. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office at 800-822-8383. Thank you.

12. On April 15, 2013, Defendant Nationwide left the aforementioned message on the Plaintiff's cellular telephone voicemail system.

13. Upon returning any of these telephone calls, or "pressing one" to speak to a live operator, the caller advised that the call was made on behalf of Defendant Nationwide in an effort to collect the balance on Plaintiff's alleged medical debt.

14. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

15. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

16. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

**COUNT I**
**VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT**

17. Plaintiff incorporates paragraphs 1 through 16 herein.

18. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff ANGELA LARDNER, requests that the Court enter judgment in favor of Plaintiff and against Defendant NATIONWIDE RECOVERY SERVICE, INC. for:

a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e. litigation expenses and costs of the instant suit; and

f. such other or further relief as the Court deems proper.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Plaintiff incorporates paragraphs 1 through 16 herein.

20. Defendant violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice. These actions further violated the Plaintiff's rights under the

FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5). See Clark v. Weltman, Weinberg & Reis, Co., L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

21. Defendant further violated the FDCPA in its April 15, 2013 voicemail message by failing to state that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).

WHEREFORE, Plaintiff ANGELA LARDNER, requests that the Court enter judgment in favor of Plaintiff and against Defendant NATIONWIDE RECOVERY SERVICE, INC. for:

a. actual damages;
b. statutory damages of $1,000.00;
c. attorney's fees, litigation expenses, and costs of the instant suit, and;
d. such other or further relief as the Court deems just and proper.

**COUNT III**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

22. Plaintiff incorporates paragraphs 1 through 16 herein.

23. Pursuant to Florida law, Plaintiff seeks a declaration that Defendant' practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

WHEREFORE, Plaintiff ANGELA LARDNER, requests that the Court enter judgment in favor of Plaintiff and against Defendant NATIONWIDE RECOVERY SERVICE, INC. for:

a. actual damages;

b. statutory damages of $1,000.00;

c. a permanent injunction prohibiting Defendant calling Plaintiffs regarding the alleged debt;

d. attorney's fees, litigation expenses, and costs of the instant suit, and;

e. such other or further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated this 2nd day of August, 2013.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
1001 N. Federal Hwy., Ste 106
Hallandale Beach, Florida 33009
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069